STATE ex rel MARTENS et al, Plaintiffs, v. COYNE, Secretary of State, Defendant (JOHNSON et al, Interveners).

(196 N. W. 497.)

(File No. 5545.    Opinion filed December 21, 1923.)

1.  Elections—Primary—Minority Proposals—Candidate for Governor. at 1920 Primary Held Not a "Party Leader" Entitled to Invitation to Organize Protesting Proposalmen for Preparation of Minority Ticket.

Under Rev. Code 1919, Sec. 7098, defining a party "leader" as a party elector who as an independent candidate for nomination for President or Governor campaigned on one well-defined principle and received a vote equal to 10 per cent of the total party vote cast for Governor at the primary election, and providing that "such leader, if he desires to continue his fight for his paramount issue, shall be invited by the five or more protesting state proposalmen to organize the representative proposal," etc., an independent candidate for Governor at the 1920 primary who was not such candidate in 1922 was not a party leader, since he could not "continue" his fight, and hence he was not entitled to be invited to organize protesting proposalmen to prepare a ticket to be placed in the minority column of the primary ballot pursuant to section 7108.

2.  Elections—Party Leaders—Presidential Candidate at Last Primary Held Precluded from Organizing Minority Proposalmen by Failure to Notify Dissenting Proposalmen Filing First.

Under Rev. Code 1919, Sec. 7108, permitting filing of one protesting proposal by five or more dissenting proposalmen after the state proposal meeting, and section 1098, defining a party leader, and providing that "such leader, if he desires to continue his fight, * * * shall be invited by the five or more protesting state proposalmen to organize" the minority, a candidate for President at the last primary election (although a party leader), not having notified the dissenting proposalmen of his desire to "continue his fight," could not insist upon be-

ing invited to organize the minority, and a writ of prohibition to prevent him from filing a further protesting representative proposal should be made peremptory, in view of section 7098, further providing that where more than one set of protesting proposals are offered the Secretary of State shall receive and file the first.

Original prohibition proceeding by the State of South Dakota, on the relation of Glenn W. Martens and others, against Clarence E. Coyne, as Secretary of State. An alternative writ was issued and Hiram Johnson and another intervened. Peremptory writ granted.

*Howard G. Fuller,* of Pierre, for Relators.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Defendant.

*Byron S. Payne,* of Pierre, for Johnson.

*Dick Haney,* of Huron, for Richards.

*S. W. Clark,* of Redfield, amicus curiae.

GATES, J. Relators were the proposalmen of Hughes and Sully counties at the state proposal meeting of the Republican party held at Pierre, S. D., on December 4, 1923. After the conclusion of said state proposal meeting and on December 5, 1923, they filed with the Secretary of State a protesting representative proposal containing a platform on national and state issues, a national paramount issue, a state paramount issue, a national summary of principles, a state summary of principles, and therein the name of Howard G. Fuller was proposed for nomination as a member of Congress from the Second Congressional District to be voted on at the next state primary. Rev. Code 1919, § 7108. On December 10, 1923, other protesting proposalmen filed in the office of the Secretary of State a representative proposal indorsing and proposing the name of Thomas Sterling as candidate for the office of United States Senator, and on said day still another group of protesting proposalmen filed in said office a representative proposal indorsing and proposing the name of Fred L. Shaw as candidate for the office of superintendent of public instruction. No question arises between relators and these two groups of protesting proposalmen because relators consent thereto and offer to adopt such proposals as part of their own. On December 14th an alternative writ of prohibiton was issued to the Secretary of State

prohibiting him from filing any other protesting proposal; it appearing from the showing made that a further protesting representative proposal was about to be filed for the indorsement of Hiram Johnson of California for President of the United States and the indorsement of ten delegates and ten alternates to the next Republican National Convention and containing a platform consistent with the policies of said candidate for President, but inconsistent with the platform of relators. R. O. Richards, claiming to be a party leader within the meaning of section 7098, Rev. Code 1919, was permitted to intervene, as also was the said Hiram Johnson.

It is the contention of relators that by reason of their protesting representative proposal having been first filed, their national and state summary of principles and paramount issues and their candidate are the only summaries of principles, paramount issues, and candidate that can appear in the third, or minority representative proposal, column of the party official primary ballot, and that any other summaries of principles and paramount issues and the names of any other candidates for national or state office aside from those proposed at the state proposal meeting (which latter are required to be printed in the fourth column of the ballot) must be presented by individual petition and can only be printed in the second, or Independent, column of the party official ballot.

Aside from questions raised which we do not deem it necessary to discuss, it is the contention on behalf of Hiram Johnson that because he was an independent candidate for President at the 1920 primary and received 10 per cent of the vote cast for Governor, he is a party leader within the meaning of section 7098, Rev. Code 1919, and was entitled to organize any protesting group of proposalmen for the promulgation of a minority party ticket, platform, party principles, and paramount issue.

[1] The contention on behalf of Mr. Richards is that because he was an independent party candidate for Governor at the 1920 primary and made his campaign on one definite principle as the paramount issue and received more than 10 per cent of the vote cast for Governor he is the party leader within the meaning of the definition thereof given in section 7098, Rev. Code 1919; that because on December 3, 1923, he filed a notification with the

Secretary of State that he as such party leader desired to organize any protesting party proposalmen in the preparation of a ticket to be placed in the third column of the party ballot at the next primary, he was entitled to be invited by relators to organize such protesting proposalmen before they could lawfully file their protesting proposal, and he insists that the ticket of no protesting proposalmen, neither that of relators nor that on behalf of Hiram Johnson, or of Senator Stirling, or of Mr. Shaw, is entitled to be printed in the third column on the party primary ticket because he has not been invited to organize the protestants.

Section 7108, Rev. Code, prescribes the proceedings to be had at the party state proposal meeting, and then says:

"Provided, that if on or before the third Tuesday in December following said party state proposal meeting, one protesting proposal, signed by five or more dissenting state proposalmen entitled to vote in the state proposal meeting, shall be filed with the Secretary of State, it shall be the duty of the Secretary of State to also receive and file the same, and cause said protesting representative proposal to be certified to the county auditor, to have the summary of principles and names of candidates printed in column three on the official party primary ballot; the intention being, in addition to independent candidates, to permit only two state representative proposals to be printed on any one party ballot. The principles and candidates proposed by the state proposal meeting shall always be printed in the fourth column, and the protesting state proposal, signed by five or more state proposalmen, shall always be printed in the third column of the official party primary ballot."

Section 7098, Rev. Code, being a section devoted to definitions, says:

"The word 'leader' shall means a party elector who, as an independent candidate for nomination for President or for Governor, shall have made his campaign on one well defined and definite principle, as the paramount issue, as filed in the office of the Secretary of State, and received a vote equal to ten per cent of the total party vote cast for Governor at the primary election. Such leader, if he desires to continue his fight for his paramount issue, shall be invited by the five or more protesting state propo-

salmen to organize the representative proposal in column three.
*· * · * "

The word "continue," in the clause "continue his fight," necessarily imports continuity. While Mr. Richards was an independent candidate for Governor at the 1920 primary, he was not a candidate at the 1922 primary. It is entirely·clear therefore that he cannot now be considered a·party leader within the meaning of this provision. It therefore becomes unnecessary to consider what his rights ·would now be if he had been a 'candidate at the 1922 primary and it becomes unnecessary to consider what the effect ·was of the notification given by. him to the Secretary of State of his desire to organize the minority.

[2]   The names of Calvin Coolidge and Hiram Johnson were presented at the state proposal meeting as candidates for President. Mr. Coolidge was indorsed by a two to one vote and the vote was thereafter made unanimous for Mr. Coolidge. While Mr. Johnson was an independent candidate for president at the last primary at which the office of President could be voted on and while he received more than 10 per cent of the vote for Governor, still he did not file with the Secretary of State any notification of his desire to organize a possible minority. Possibly a public notice given on his behalf at the state proposal meeting that he desired to organize a possible minority might have been a sufficient notice to entitle him to be invited by the protesting proposalmen to organize the protesting minority. Possibly a notice to the Secretary of State such as Mr. Richards gave might have accomplished the same result. The statute does not specify how such desire is to be manifested. But the record shows without dispute that at the time relators filed their protesting proposal they did not know, nor have any reason to believe, that Mr. Johnson "desired to continue his fight for his paramount issue" or desired to be invited to organize the minority. We do not decide what Mr. Johnson's rights might now be if before the proposal of relators had been filed he had manifested a desire to organize a possible minority of the state proposalmen for the formation of a ticket, with party platform, party principles, and a paramount issue to be printed in the minority, or third, column of the party ballot. Such question is not before us.

Section 7098 further provides:

"The words 'representative proposal' shall mean and include proposals of principles and candidates by the state and county proposal meetings and by protesting proposalmen at state and county proposal meetings: Provided, that but one set of protesting representative proposals shall be received and placed on each party ballot and, in case of more than one set of protesting representative proposals offered for filing, the one first offered to the Secretary of State of such protesting state proposals * * * shall be received and filed."

This provision clearly offers a premium upon diligence in the filing with the Secretary of State of a protesting representative proposal. By reason of the fact that relators were the first to file a protesting representative proposal and by reason of the other grounds herein stated, we conclude that the alternative writ of prohibition should be made peremptory.

It will be so ordered.

Note.—Reported in 196 N. W. 497. See, Headnote (1), American Key-Numbered Digest, Elections, Key-No. 126(1), 20 C. J. Sec. 136 (1925 Anno.).